UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WILLIAM B. ROBINSON,<br>Petitioner,<br><br>v.<br><br>JIM MORROW, Warden,<br>Respondent. | NO. 3:08-CV-00235<br>JUDGE HAYNES |

*[Handwritten annotation: GRANTED. This motion is GRANTED. Any unexhausted claim will be stayed, but Petitioner's second motion Discovery is GRANTED based upon the report attached to this motion. /s/ [signature] 10-20-10]*

## PETITIONER'S MOTION TO RECONSIDER
## ORDER ADMINISTRATIVELY STAYING CASE

William Robinson asks this Court to reconsider its order administratively staying his federal habeas litigation. He asks that the Court give him 60 days to conduct the follow-up discovery he has requested (D.E. 38, Second Motion for Discovery), and then to revisit the issue as to whether to stay this federal case for further state-court litigation.

### Background

At Robinson's murder trial, the prosecutor presented the jury with irrelevant and inadmissible serology evidence, and also, based on that evidence, falsely told the jury that Robinson's blood was absent from the butcher knife. That false premise – if believed – made Robinson look like a conniving or delusional liar. Evidently accepting that false premise as true, the jury convicted Robinson of first-degree murder, although the evidence supported, at the very worst, no verdict worse than second-degree murder. Robinson, a first offender, is serving a life sentence.

Due to the discovery this Court has granted, Robinson has been able to show that his blood was (and is), in fact, present on the butcher knife, and thus that his conviction was procured based on a false premise. Following up on this discovery, Robinson has asked for permission to review police files and take three critical depositions. That discovery could lead to