IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| WILLIAM ROBINSON, | ) | |
| | ) | |
| Petitioner, | ) | NO. 3:08-235 |
| | ) | JUDGE HAYNES |
| v. | ) | |
| | ) | |
| WILLIAM MORROW, Warden | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

Before the Court is Respondent's motion to alter in part (Docket Entry No. 44) the Court's Order granting discovery (Docket Entry No. 43) because the discovery authorized is unjustified and overbroad.

From the Court's view, the State's proof reflects that the stabbing that caused the victim's death occurred on November 9, 2000. A butcher's knife was cited as the murder weapon, but there were two knives at the murder scene. Robinson v. State, 2006 WL 3498140 at *3 n.1 (Tenn. Ct. Crim. App. Nov. 22, 2006). Petitioner's defense was that the victim cut him with a knife. Id. On December 13 and 14, 2001, the police submitted to the Tennessee Bureau of Investigation ("TBI") laboratory for testing: Petitioner's blood sample and sixteen pieces of evidence, but not the butcher knife. On April 25, 2001, the police submitted to the TBI laboratory for testing: (1) the victim's blood, and (2) the butcher knife. Detective Mike Smith gave the TBI the butcher knife for testing. Yet, TBI Agent Margaret Bash conducted a DNA test of the knife in only one spot, the hilt that is away from the knife's cutting edge. At trial, Katy Smith, Assistant District Attorney told the jury: "[Robinson's] blood's not on that big, old butcher knife." (Miller, Argument Transcript at 8).

Petitioner requested and was granted leave to depose these three state actors who were directly involved in the testing and presentation of this proof. Other state court and detectives involved in the investigation and that were excluded.

The Court concludes that Petitioner's motion for discovery is focus and limited and demonstrates a showing of good cause. Bracey v. Gamley, 530 U.S. 899, 904 (1997). The testing of the blood on the knife's cutting edge used in the stabbing appears to be significant and material proof on a first degree murder charge. As to the authorized discovery's lack of a factual tie to Smith, in Kyles v. Whitley, 514 U.S. 419, 438 (1995), the Supreme Court expressly rejected Brady's requirement as limited to what investigating agents knew and extends Brady to the prosecutor who has "a duty to learn if any favorable evidence" from the police. The Supreme Court also cited the need for "procedures and regulations . . . to carry the [the prosecutor's] burden." Id. Discovery of Smith relates directly to the Kyles ruling.

The Respondent's motion to alter is **DENIED** as meritless as a matter of law and fact.

It is so **ORDERED**.

**ENTERED** this the ____ day of December, 2010.

WILLIAM J. HAYNES, JR.
United States District Judge