IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WILLIAM B. ROBINSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:08-cv-00235 |
| ) | Chief Judge Sharp |
| JIM MORROW, WARDEN ) | |
| ) | |
| Respondent. ) | |

## ORDER

Petitioner William Robinson, a prisoner serving a life sentence in state custody, has petitioned the court under 28 U.S.C. § 2254 for the writ of habeas corpus. For the reasons set forth in the accompanying Memorandum, the court finds that Petitioner's conviction is contrary to the Constitution and that he is therefore entitled to relief. Accordingly, the court hereby **CONDITIONALLY GRANTS** the writ of habeas corpus. Respondent shall release Petitioner from custody **UNLESS**, within 180 days of the date of this order, the State of Tennessee takes action to afford Petitioner a new trial or enters into a plea agreement with Petitioner.

With regard to the pending motions, Petitioner's Motion for Summary Judgment (Docket Entry No. 70) is **GRANTED** with respect to Claims 2 and 5, and **DENIED** in all other respects. Respondent's Motion for Summary Judgment (Docket Entry No. 87) is **GRANTED** with respect to claims 1, 3, 4, 6 and 7 and **DENIED** with respect to Claims 2 and 5. Petitioner's Motion to Expand the Record (Docket Entry No. 74) is **GRANTED** in part and denied in part, and the record is expanded to include the attachments to Docket Entry Nos. 66–68, with the exception of Nos. 66-2, 68-1 and 68-6.

Because the court's ruling is adverse to Petitioner with respect to the majority of his claims, the court must determine whether to issue or deny a certificate of appealability ("COA") with respect to any of those claims. Rule 11, Rules Gov'g § 2254 Cases. A COA may issue only if a petitioner "has made a substantial showing of the denial of a constitutional right," 28

U.S.C. § 2253(c)(2), and the COA "must indicate which specific issue or issues satisfy the [required] showing." 28 U.S.C. § 2253(c)(3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "[A] COA does not require a showing that the appeal will succeed," but courts should not issue a COA as a matter of course. *Miller-El*, 537 U.S. at 337.

In this case, the parties disagree over whether the failure to discover key evidence at the time of trial is attributable to the prosecutor or defense counsel. In ruling in favor of Petitioner on Claim 2 and against Petitioner on Claim 3, the court has concluded that the fault lies with the prosecutor, but the question may be a matter of reasonable disagreement. Accordingly, in the event that Petitioner finds it necessary to appeal, the court **GRANTS** a COA with respect to Claim 3(a), (b) and (g). The court **DENIES** a COA with respect to the other claims on which the court has denied relief. Petitioner may, however, seek a COA directly from the Sixth Circuit Court of Appeals. Rule 11(a), Rules, Gov'g § 2254 Cases.

It is so **ORDERED**.

Kevin H. Sharp, Chief Judge
United States District Court